RECEIVED
IN LAKE CHARLES, LA
JUL - 6 2005
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| UNITED STATES OF AMERICA | : | DOCKET NO. CR 03-20062-01 |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| SARAH DARLENE SONNIER | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM RULING

Before the Court is a "Petition for Habeas Corpus Pursuant to Title 28 U.S.C.A. § 2255 Civil Action" [doc. # 33] filed by Petitioner, Sarah Darlene Sonnier. The matter has been fully briefed by the government and counsel for Petitioner, and the matter is ready to be decided.

## FACTUAL STATEMENT

Petitioner, Sarah Darlene Sonnier, pleaded guilty to a single count bill of information charging her with interstate travel in aid of unlawful activity in violation of 18 U.S.C. § 1952(a)(3). The stipulated facts stated that on June 19, 2002, Sonnier was stopped by a Texas state trooper for speeding on I-10 in Texas. The trooper obtained consent to search the vehicle and found a cardboard box on the front passenger floorboard containing 494.90 grams of cocaine base. Sonnier admitted that she had been recruited by Christopher Prudhomme to drive to Houston to bring back marijuana and, while there, was given a cardboard box that Prudhomme had received from a young black male.

On January 12, 2004, this Court sentenced Sonnier to 57 months and two years of supervised release. On March 18, 2004, this Court issued an order recommending that Sonnier participate in a boot camp as a condition of her incarceration if she is eligible.

Sonnier filed the instant petition pursuant to 28 U.S.C. § 2255 seeking relief from this Court's judgment based on *Blakely v. Washington*.[1] Subsequent to this filing and the government's response, the Supreme Court issued its decision in *United States v. Booker*.[2] Specifically, Sonnier complains her Sixth Amendment constitutional right was violated when the Court enhanced her sentence by facts neither admitted by her nor determined by a jury.

## LAW AND ANALYSIS

Petitioner is seeking relief under *Blakely* and *Booker*. In *Booker*, the United States Supreme Court held that the Sixth Amendment right to trial by jury is violated under a mandatory guidelines system if a sentence is increased because of an enhancement based on facts found by the judge that were neither admitted by the defendant nor found by the jury. The Supreme Court decided that the remedy was to render the guidelines advisory rather than mandatory.

A separate analysis was recently articulated by the Seventh Circuit and the Eleventh Circuit, respectively[3], which demonstrates that *Booker* cannot be applied retroactively to a case on collateral review. This position is further supported by the Supreme Court's decision in *Schriro v. Summerlin*,[4] which was discussed at length in the Seventh and Eleventh Circuit decisions cited above.

Finally the United States Court of Appeals for the Fifth Circuit has recently held that *Booker*

---

[1] 124 S.Ct. 1531 (2004).

[2] 125 S. Ct. 738 (2005).

[3] *McReynolds v. United States*, __ F.3d __, No. 04-2520, 2005 WL 237642 (7th Cir. Feb.2, 2005); *Varela v. United States*, __ F.3d __ No. 04-11725, 2005 WL 367095 (11th Cir. Feb. 17, 2005)( *Booker's* Sixth Amendment holding constitutes a "new constitutional rule of criminal procedure," which, under *Teague v. Lane*, 109 S.Ct. 1060 (1989), is not retroactively applicable to cases that became final before the decision was announced.

[4] 124 S.Ct. 2519 (2004).

is not applicable retroactively to cases on collateral review.[5] Therefore, Sonnier is not entitled to relief under *Blakely* or *Booker* because those decisions are not applicable to this case on collateral review.

## CONCLUSION

Based on the foregoing reasons, the petition for habeas corpus pursuant to 28 U.S.C. § 2255 will be denied.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this ___6___ day of July, 2005.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

[5] *In re Elwood*, ___ F.3d ___, No. 05-30269, 2005 WL 976998 (5th Cir. April 28, 2005).